IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JOMO K. POPE,
                **Plaintiff,**

-vs-                                                      Case No. A-17-CA-108-SS

BANK OF AMERICA; BAC; BAC HOME
LOANS/COUNTRYWIDE; WILMINGTON
TRUST, NATIONAL ASSOCIATION Trustee of
ARLP Securitization Trust, Series 2014-2; FAY
SERVICING; POWER DEFAULT SERVICE;
and WILMINGTON SAVINGS FUND SOCIETY,
                **Defendants.**

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants Fay Servicing, LLC and Wilmington Trust, National Association, as Trustee of ARLP Securitization Trust, Series 2014-2 (collectively Defendants)' Motion for Summary Judgment [#17]. Plaintiff Jomo K. Pope has not filed a response. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following order GRANTING the motion for summary judgment.

### Background

On May 31, 2006, Plaintiff signed a promissory note in favor of Bank of America, N.A, the original lender. *See* Mot. [#17-2] Ex. 1-A (Note). Plaintiff also signed a deed of trust (Deed of Trust) confirming a lien on real property located at 500 Paladin Place, Round Rock, TX 78664 (the Property) secured the obligations under the Note (collectively, the Mortgage). *See id.* [#17-3] Ex. 1-B (Deed of Trust). Defendant Wilmington Trust, National Association (Wilmington Trust), is the

trustee of ARLP Securitization Trust, Series 2014-2 and is the current mortgagee.[1] Defendant Fay Servicing, LLC (Fay Servicing) is the current mortgage servicer for Trustee. *See id.* [#17-9] Ex 1-H (Servicing Agreement).

The last payment Plaintiff made in satisfaction of his obligations under the Mortgage occurred before April 1, 2009. Plaintiff is now past due for the April 1, 2009 payment and all subsequent payments. *See id.* [#17-1] Ex. 1 (Fay Servicing Decl.) ¶ 8. On March 14, 2014, a notice of default was provided to Plaintiff. *See id.* [#17-7] Ex. 1-F (Default Notice). Subsequently, on January 17, 2017, Plaintiff was provided with a notice of acceleration. *See id.* [#17-8] Ex. 1-G (Acceleration Notice). Plaintiff nevertheless remains in default. *See* Fay Servicing Decl. ¶ 8.

On February 6, 2017, Plaintiff filed this lawsuit in state court. *See* Removal Notice [#1-4] (Pet.). Plaintiff alleges fraud, intentional infliction of emotional distress (IIED), slander of title, violations of the Truth in Lending Act (TILA), and violations of the Real Estate Settlement Procedures Act (RESPA). *Id.* Plaintiff seeks to quiet title, obtain declaratory relief, and secure recision of the Mortgage. In particular, Plaintiff claims Defendants unlawfully sold, assigned and/or transferred the ownership interest in the Mortgage. *Id.* Consequently, Plaintiff claims Defendants are attempting to illegally foreclose on the property. *Id.* Defendants timely removed to this Court based on federal question jurisdiction.

On June 5, 2017, Plaintiff filed for bankruptcy in the United States Bankruptcy Court for the Western District of Texas.[2] On September 11, 2017, Bankruptcy Judge Tony M. Davis entered an order of discharge under 11 U.S.C. § 727, and Plaintiff's bankruptcy case was subsequently closed.

---

[1] Trustee became the mortgagee through a chain of assignments. *See* Mot. [#17-4] Ex. 1-C (assigning the Deed of Trust from Bank of America to Christiana Trust); *id.* [#17-5] Ex. 1-D (correcting the assignee name from the prior assignment); *id.* [#17-6] Ex. 1-E (assigning the Deed of Trust from Christiana Trust to Wilmington Trust).

[2] The bankruptcy case number is 17-10179-tmd, and it was closed on May 23, 2017.

Defendants now seek summary judgment, and Plaintiff has declined to file a response.

## Analysis

### I. Legal Standard—Summary Judgment

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party makes an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required

to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*

"Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II. Application

As a preliminary matter, Fay Servicing and Wilmington Trust argue it is unclear why the Defendants Bank of America, BAC, BAC Home Loans/Countrywide, Power Default Service, and Wilmington Savings Fund Society were included in this action and there is no evidence they have been served. Mot. [#17] at 1. After reviewing the record, the Court agrees there is no evidence these other Defendants have been served. The Court therefore dismisses Defendants Bank of America, BAC, BAC Home Loans/Countrywide, Power Default Service, and Wilmington Savings Fund Society without prejudice for failure to prosecute.

Plaintiff's allegations focus on alleged collective behavior of the remaining Defendants, Fay Servicing and Wilmington Trust. Thus, Plaintiff's allegations rise or fall together, and fall they must. Defendants are entitled to summary judgment as a matter of law for the reasons described below.

First, Plaintiff appears to dispute Wilmington Trust's standing to foreclose on the Property. As the Defendants point out, Plaintiff presents no evidence Wilmington Trust lacks standing to foreclose and is not the real party in interest for the Mortgage. *See* Mot. [#17] at 6. By contrast, Defendants provide copies of the chain of assignments, demonstrating Wilmington Trust is the current mortgagee with standing to foreclose.

Second, Plaintiff presents no evidence even suggesting Defendants committed fraud. In particular, Plaintiff claims the Defendants concealed the nature of the Mortgage. *See* Pet. at 10. However, the Note and Deed of Trust were plainly signed by Plaintiff. *See* Note; Deed of Trust. Plaintiff offers no explanation on how Defendants misrepresented the Mortgage. Additionally, Plaintiff does not allege or present evidence on any of the other requirements for fraud, namely the Defendants knew a representation was false when made or made the representation without knowledge if its truth, Defendants intended for Plaintiff to act upon the alleged misrepresentation, Plaintiff relied on the said misrepresentation, and Plaintiff was damaged. *See Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998) ("A fraud cause of action requires 'a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury.'" (quoting *Sears, Roebuck & Co. v. Meadows*, 877 S.W.2d 281, 282 (Tex.1994)). Thus, Plaintiff's fraud allegations fail.

Plaintiff's IIED allegations also fail. To succeed on an IIED claim, a plaintiff must show "(1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the actions of the defendant caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 611 (Tex. 1999). But Plaintiff provides no evidence and makes no showing Defendants' conduct was extreme or outrageous in character. *See id.* ("[C]onduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of

decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."). Plaintiff fails to even allege Defendants acted outside the normal range of behavior for a mortgagee attempting to collect on unpaid monthly mortgage payments.

Likewise, Plaintiff offers only conclusory allegations Defendants slandered his title. *See* Pet. at 12–13. Plaintiff fails to present any false documents or even allege Defendants filed specific false documents relating to the Mortgage or the Property. Plaintiff demonstrates no effect on the Property's title and points to no evidence indicating he lost a specific sale of the Property. *See Ellis v. Waldrop*, 656 S.W.2d 902, 904–05 (Tex. 1983) (reiterating the "long-standing general rule in Texas that in order to recover damages for the disparagement of title, the plaintiff must allege the loss of a specific sale"). As a result, Defendants are also entitled to summary judgment on Plaintiff's slander of title claim.

In addition, Plaintiff's assertions to quiet title fail. A suit to quiet title is an equitable action in which the plaintiff seeks to recover possession of property wrongfully withheld. *Porretto v. Patterson*, 251 S.W.3d 701, 708 (Tex. App.—Houston [1st Dist.] 2007, no pet.). "The principal issue in a suit to quiet title is the existence of a cloud that equity will remove." *Ballard v. Allen*, No. 12-03-00370-CV, 2005 WL 1037514, at *3 (Tex. App.—Tyler May 4, 2005, no pet.) (mem. op.). To quiet title in his favor, a plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied). In other words, the plaintiff must recover on the strength of his own title, not the weakness of his adversary's title. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.) But here there is no evidence of a cloud on Plaintiff's title or that Plaintiff has a superior title to the Property.

Furthermore, Plaintiff's TILA claims fail for at least two reasons. First, TILA expressly states the right of rescission does not apply to residential mortgage transactions. 15 U.S.C. § 1635(e)(1); *see also*

*id.* § 1602(x) (defining residential mortgage transaction as "a transaction in which a mortgage, deed of trust, . . . or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"). Second, Plaintiff's TILA claims are time-barred. The right to rescission under TILA expires after three years from the date of consummation of the transaction. *Lowery v. Capital One Mortg.*, 429 F. App'x 377, 378 (5th Cir. 2011) (per curiam) (citing 15 U.S.C. § 1635(f)) (holding the district court did not err in finding the plaintiff failed to state a claim in seeking rescission under TILA beyond the three-year period). As the Mortgage was consummated on May 31, 2006, and Plaintiff's petition was not filed until February 6, 2017, Plaintiff's TILA claims cannot survive.

Similarly, Plaintiff's RESPA claims cannot survive. RESPA claims have either a one-year or three-year statute of limitations, depending on which RESPA provisions are alleged to have been violated. 12 U.S.C. § 2614. Regardless, of the exact violation alleged here, Plaintiff's claims fall well outside of the one-year or three-year statute of limitations and are therefore barred.

Finally, Plaintiff has no basis to pursue declaratory relief. Both the Federal Declaratory Judgment Act and the Texas Uniform Declaratory Judgment Acts are procedural devices that do not create any substantive rights or causes of action. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950) ("The operation of the Declaratory Judgment Act is procedural only." (citation and internal quotation marks omitted)); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 (5th Cir. 1996) ("The Texas Uniform Declaratory Judgments Act is merely a procedural device; it does not create any substantive rights or causes of action." (internal citation omitted)). Where, as here, all the underlying claims are without merit, a claim for declaratory judgment cannot be established.

## Conclusion

In sum, the Court dismisses Plaintiff's claims against Defendants Bank of America, BAC, BAC Home Loans/Countrywide, Power Default Service, and Wilmington Savings Fund Society without prejudice for failure to prosecute. The remaining Defendants, Fay Servicing and Wilmington Trust, are entitled to summary judgment on all of Plaintiff's claims.

Accordingly,

IT IS ORDERED that Plaintiff's claims against Defendants Bank of America, BAC, BAC Home Loans/Countrywide, Power Default Service, and Wilmington Savings Fund Society are DISMISSED without prejudice for failure to prosecute; and

IT IS ORDERED that Defendants Fay Servicing, LLC and Wilmington Trust, National Association, as Trustee of ARLP Securitization Trust, Series 2014-2's Motion for Summary Judgment [#17] is GRANTED.

SIGNED this the 30th day of October 2017.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE